UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VETERINARY ORTHOPEDIC IMPLANTS, INC.,
a Florida corporation,

       Plaintiff,                              CASE NO.:

v.

MATTHEW J. HAAS, an individual,

       Defendant,

-----------------------------------------------------------------

**COMPLAINT**

Plaintiff VETERINARY ORTHOPEDIC IMPLANTS, INC., a Florida corporation ("Plaintiff" or "VOI") sues Defendant MATTHEW J. HAAS, an individual ("Mr. Haas"), and says:

**JURISDICTION AND VENUE**

1. This is an action for damages and declaratory relief.

2. This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). There exists complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is appropriate in this District as this action concerns injuries sustained in St. Augustine, Saint Johns County, Florida, and as the parties in their written agreement agreed that venue for disputes between them is appropriate in this District.

## PARTIES

4. Plaintiff VOI, a Florida corporation having its principal place of business at 310 Commerce Lake Drive, St. Augustine, FL 32095, is a manufacturer and distributor of veterinary orthopedic (medical and surgical) products.

5. Defendant Mr. Haas, an individual citizen of Ohio domiciled in Avon Lake, Ohio, was formerly employed with VOI at its St Augustine, FL headquarters as a sales executive and business development manager.

## GENERAL ALLEGATIONS

6. VOI is a manufacturer and distributor of veterinary orthopedic (medical and surgical) products, including but not limited to orthopedic implants.

7. By way of example, VOI's product lines include orthopedic surgical implants, such as surgical grade and anti-microbial plates, screws, compression sleeves, arthroscopic (joint surgery) products, and arthrodesis (fusion) appliances, as well as orthopedic surgeon's tools and instruments.

8. Within veterinary orthopedic industry markets, VOI has a longstanding base of customers.

9. The majority of VOI's customers are repeat, or renewing customers.

10. VOI has developed this base of repeat, or renewing customers by creating and then providing to customers, as a deliverable auxiliary to the material product, value-added modules of information in the areas of product usage, product indications, and fitment, within the field of veterinary medicine and veterinary surgery.

11. VOI has also developed proprietary information-delivery methods that facilitate the conversion of prospective customers to become first time customers, and then the conversion of first time customers into repeat, or renewing customers.

12. VOI has spent significant time, effort, and money building and developing proprietary marketing and sales processes and systems that have created its base of repeat or renewing customers, and these processes and systems, combined with VOI's substantial relationship with existing customers, constitute legitimate business interests of VOI.

13. VOI has spent significant time, effort, and money developing confidential and proprietary business information relating to the marketing and sales of its products. This information includes, but is not limited to: business, marketing, and financial strategies; plans and proposals; pricing and discount lists/rates; sales contracts and sales term sheets; designs, processes, presentations, procedures, techniques, and devices, including but not limited to, sales and pricing techniques, and audio/visual presentations and productions; lists or databases of customers, prospective customers, suppliers, procurement agents, inventory codes, and personnel information (collectively, as described in paragraphs 12-13 herein, the "Confidential Business Information"). This Confidential Business Information is a legitimate business interest of VOI.

14. VOI has taken reasonable steps to ensure the confidentiality of its Confidential Business Information.

15. VOI has developed further legitimate business interests including significant customer goodwill associated with its trade name in the medical and surgical veterinary product industry.

16. Mr. Haas began his employment with VOI on February 6, 2015 as a sales executive, and a senior business development manager with business development oversight in the U.S., Japan, Australia, and New Zealand veterinary orthopedic product markets, and his employment with VOI ended effective March 30, 2020.

17. As a part of his acceptance of his employment with VOI Mr. Haas executed a written employment agreement containing an agreement on post-employment restrictions against soliciting VOI customers, against using or disclosing VOI confidential business information, and, in the forms of covenants not to complete, against taking any position of employment with any entity competing with VOI (the "Employment Agreement"). A true and correct copy of the Employment Agreement is attached hereto as **EXHIBIT A**.

18. As part of his acceptance of continuing employment with VOI Mr. Haas also executed a renewed, and additive written non-competition agreement, in the form of an addendum to the Employment Agreement, on March 18, 2017 (the "2017 Addendum"). A true and correct copy of the 2017 Addendum is attached hereto as **EXHIBIT B**.

19. Mr. Haas' employment with VOI was terminated with the execution by Mr. Haas and VOI of a written separation agreement, (the "Separation Agreement"). A true and correct copy of the Separation Agreement is attached hereto as **EXHIBIT C**.

20. As part of the Employment Agreement, at Part V, entitled *Post-Employment Restrictions*, Mr. Haas agreed, as an express condition of his employment that VOI would rely upon in consideration of providing him employment, to protect VOI's legitimate business interests in the following regards:

a. To not solicit the customers of VOI;

b. To not disclose the Confidential Business Information of VOI;

c. To not engage in any business or activity related to veterinary orthopedic implants, within either the continental United States or the international markets VOI participates in;

d. To not consult with, assist, participate with, or be employed with, any entity that in any way competes with VOI;

e. To not compete against VOI;

f. To not engage in any business similar to VOI's business;

g. To adhere to all of the foregoing restrictions for a duration of twenty-four (24) months following termination of employment with VOI; and

h. To not copy, duplicate, disclose, share with anyone, and/or remove documents, regardless of medium, containing VOI's Confidential Business Information, but to return them and all copies of them to VOI, with Mr. Haas retaining nothing.

21. As part of the Employment Agreement, Mr. Haas also agreed that the post-employment restrictions imposed in the foregoing covenants and agreements were reasonable, were necessary to accomplish the mutual objectives of Mr. Haas and VOI, balancing his desire for employment with VOI's need for protection against loss of trade secrets, goodwill, and proprietary information, and would not, as written, deprive him from earning a living.

22. As part of the 2017 Addendum, Mr. Haas also agreed in pertinent part:

Matthew J. Haas the undersigned employee hereby agrees
to not directly or indirectly compete with the business of

> Veterinary Orthopedic Implants Inc. (VOI Inc.) [ … ] and for a period of 24 months following termination of employment and notwithstanding the cause or reason for termination.
> ***
> Employee shall not own, manage, operate, consult or to be employed in a business substantially similar to, or competitive with, the present business of VOI Inc. or such other business activity in which VOI Inc. may substantially engage during the term of employment.

23. As part of the Separation Agreement, Mr. Haas also agreed in pertinent part:

> Employee understands that the Confidentiality, non-disclosure, non-compete, and non-solicitation portion of any agreements made in regards to the Company […] shall remain in force. In addition, from and after the Effective Date, Employee agrees not to divulge or use to the detriment of the Company, his benefit, or the benefit of any other person, any proprietary or confidential information of trade secrets [ … ] or [ Confidential Business Information ].

24. Mr. Haas' employment with VOI terminated effective March 30, 2020, pursuant to the Separation Agreement, and Mr. Haas was subject to, by his valid, written agreements with VOI, all of the post-employment restrictions in these written agreements, which are referred to collectively hereafter as the "Covenants."

25. Shortly after his employment with VOI terminated, Mr. Haas took a similar position of employment with a direct competitor of VOI's, Arthrex, Inc. dba Arthrex Vet Systems (hereafter "Arthrex").

26. As a sales employee of Arthrex, Mr. Haas is directly engaged in the business of marketing, selling, and providing products that are directly in competition with VOI's products.

27. Prior to joining Arthrex and before his employment with VOI ended, Mr. Haas intentionally erased, or "wiped" his VOI-owned company smartphone, which upon information and belief contained a mixture of VOI Confidential Business Information, such as customer contact information and communications with customers, and communications between Mr. Haas and third-parties in the manner of preparations by Mr. Haas and those third-parties for Mr. Haas to compete against the interests of VOI, in VOI's industry, targeting VOI customers.

28. As a multi-year employee of VOI now employed with directly-competing Arthrex, Mr. Haas is in a position to make use of and will make use of, VOI Confidential Business Information, including, by way of example:

   a. VOI Customer Information and Purchasing Data;

   b. VOI Distributor and Vendor Data

   c. VOI *Key Opinion Leader* Data;

   d. VOI Pricing;

   e. VOI Product Development and Product Enhancement Information;

   f. VOI Market Strategy Information; and

   g. VOI Educational Modules (Goodwill and Intellectual Property).

29. Mr. Haas' actions have and will continue to cause VOI to lose the benefit and the value of its Confidential Business Information.

30. Mr. Haas' actions and his employment with directly-competing Arthrex damages and will continue to damage VOI, depriving VOI unlawfully of revenues, customers, goodwill, and intellectual property value.

31. VOI has retained the undersigned law firm and is obligated to pay the law firm for its services.

32. All conditions precedent to the claims set forth in this suit have been met, or have been waived, or otherwise excused.

### COUNT I – TEMPORARY INJUNCTION

33. VOI realleges and incorporates by reference the allegations at paragraphs 1-32, above.

34. This claim is brought pursuant to Section 542.335, Florida Statutes, to enforce a non-competition covenant contained in an employment agreement.

35. The Covenants are supported by these legitimate business interests of VOI:

   a. VOI's valuable Confidential Business Information;

   b. VOI's substantial relationships with customers and referral sources that may be defined both my discrete market segment and geography; and

   c. VOI's goodwill associated with VOI's trade image and efforts in VOI's relevant market;

36. The Covenants are reasonably necessary to protect VOI's legitimate business interests, as otherwise, Mr. Haas can deprive VOI of its present customers, developed prospects, and developed customer and/or prospect referral sources, and obtain VOI's customers, thereby severely damaging VOI's business.

37. The term of the restriction and the area of its effect are reasonably necessary to give effect to the restriction. A lesser time or lesser area would allow Mr. Haas to defeat the purpose of this restriction by unfairly competing against VOI.

38. VOI is suffering and will continue to suffer irreparable harm if a temporary injunction enforcing the terms of the Covenants is not entered.

39. VOI has no adequate remedy at law because the damages caused by VOI's breaches are inherently difficult to quantify and are of a character that cannot be remedied through money damages;

40. VOI is entitled to recover its reasonable attorney's fees and costs incurred in the prosecution of this matter pursuant to the terms of the Employment Agreement and pursuant to Section 542.335, Florida Statutes.

WHEREFORE, Plaintiff VETERINARY ORTHOPEDIC IMPLANTS, INC. requests that the Court enter a temporary injunction against Defendant MATTHEW J. HAAS, enforcing the terms of the Covenants herein, awarding Plaintiff its reasonable attorney's fees and costs, and granting such other and further relief as the Court may deem proper.

## COUNT II – PERMANENT INJUNCTION

41. VOI realleges and incorporates by reference the allegations at paragraphs 1-32, above.

42. This claim is brought pursuant to Section 542.335, Florida Statutes, to enforce a non-competition covenant contained in an employment agreement.

43. The Covenants are supported by these legitimate business interests of VOI:

    a. VOI's valuable confidential business or professional information;

    b. VOI's substantial relationships with customers and referral sources that may be defined both by discrete market segment and geography; and

    c. VOI's goodwill associated with VOI's trade image and efforts in VOI's relevant market.

44. The Covenants are reasonably necessary to protect VOI's legitimate business interests, as otherwise, Mr. Haas can deprive VOI of its present customers, developed prospects, and developed customer and/or prospect referral sources, and obtain VOI's customers, thereby severely damaging VOI's business.

45. The term of the restriction and the area of its effect are reasonably necessary to give effect to the restriction. A lesser time or lesser area would allow Mr. Haas to defeat the purpose of this restriction by unfairly competing against VOI.

46. VOI is suffering and will continue to suffer irreparable harm if a temporary injunction enforcing the terms of the Covenants is not entered.

47. VOI has no adequate remedy at law because the damages caused by VOI's breaches are inherently difficult to quantify and are of a character that cannot be remedied through money damages;

48. VOI is entitled to recover its reasonable attorney's fees and costs incurred in the prosecution of this matter pursuant to the terms of the Employment Agreement and pursuant to Section 542.335, Florida Statutes.

WHEREFORE, Plaintiff VETERINARY ORTHOPEDIC IMPLANTS, INC. requests that the Court enter a permanent injunction against Defendant MATTHEW J. HAAS, enforcing the terms of the Covenants herein, awarding Plaintiff its reasonable attorney's fees and costs, and granting such other and further relief as the Court may deem proper.

## COUNT III – BREACH OF CONTRACT

49. VOI realleges and incorporates by reference the allegations at paragraphs 1-32, above.

50. This action sounds in breach of contract, to the extent allowed by law pleaded in addition to the claims for injunction at Counts I and II, otherwise pleaded in the alternative to Counts I and II.

51. The Employment Agreement, the 2017 Addendum, and the Separation Agreement are valid and enforceable written agreements between the parties.

52. Mr. Haas has breached the Employment Agreement by taking employment with directly-competing Arthrex, engaging in the business of VOI in competition with VOI, making commercial contacts during his restricted post-employment 24 month non-compete period with VOI customers, prospects, referral sources, distributors, vendors, and Key Opinion Leaders.

53. These same actions by Mr. Haas breached the 2017 Addendum.

54. These same actions by Mr. Haas breached the Separation Agreement.

55. Mr. Haas has breached each of, the Employment Agreement, the 2017 Addendum, and the Separation Agreement by accepting employment with Arthrex and violating the Covenants.

56. As a direct and proximate result of Mr. Haas' breach, VOI has suffered damages, and Mr. Haas has additionally forfeited and owes VOI the return of all monies paid to him and the monetary value of all non-monetary benefits provided to him in the Separation Agreement.

57. VOI is entitled to recover its reasonable attorneys' fees incurred in the prosecution of its rights pursuant to the terms of the Employment Agreement.

WHEREFORE, Plaintiff VETERINARY ORTHOPEDIC IMPLANTS, INC. demands judgment against Defendant MATTHEW J. HAAS, for direct, consequential, and incidental damages exceeding $75,000, attorney's fees, costs of suit, and all other and further relief as the Court may deem proper.

Respectfully submitted,

**CAVENDISH PARTNERS, P.A.**

/s/ Michael Cavendish

By:_____
Michael Cavendish
Fl. Bar No. 0143774
200 W Forsyth Street
Suite 1610
Jacksonville, FL 32202
(904) 515-5110
(904) 515-5101 (Fax)
mcavendish@cavpartners.com

*Attorney and Trial Counsel for Plaintiff*